SAMUEL SHEPHERD *vs.* FRANK L. MARSTON.

York County. Decided March 30, 1920. This case came up on motion. The evidence is conflicting and irreconcilable both as to the theory and manner of the accident by which the plaintiff claims to have been injured.

The plaintiff was driving along the road with a single horse and riding wagon, well on the right hand side as he says. The defendant's wife was driving his automobile behind the plaintiff, going in the same direction.

He says the automobile in passing collided with his left forward wheel, thereby throwing him out of his wagon.

The defendant's wife, and another witness who was riding with her, say that the defendant's carriage had stopped; then they drove along side and stopped; and that the accident happened while the two vehicles were thus standing still, beside each other in the road. It was admitted that the plaintiff's horse was well broken, kind and not afraid of an automobile.

Upon these conflicting contentions it was purely a question of fact for the jury, as to which contention to them seemed the most reasonable upon the testimony, with the parties and witness before them.

They found a verdict for the plaintiff, and we do not think they are so manifestly wrong as to warrant the court in revising their finding.

The defendant's counsel stated the precise question at issue as follows: "They claim we rode into them. If we didn't we are not liable. That is the only question in this case."

The defendants say they neither heard nor saw anything that caused the accident. The only thing they heard was the word "whoa" and the first they saw, was the plaintiff picking himself up from the ground.

As a matter of fact the left forward wheel of the plaintiff's wagon had every spoke broken out of it, so that the rim was entirely free, and the wheel rotating on the hub. He describes the wheel as follows: "The left forward wheel was minus spokes and rim; the hub was on the axle and the axle bent down some, and the end of the hub, there was a piece taken out of it, and the shaft, the left hand shaft, was broken off."

An eye witness testified as to what happened to the plaintiff as follows: Q. What did you see in regard to the man in the wagon? A. I looked up directly and saw the man apparently in the air. Further along the witness in substance repeats this testimony.

Upon these undisputed facts which contention seems the more probable and more reasonable?

The jury evidently thought the plaintiff's was, and we should hesitate to say they were wrong.

In view of values as they reckoned in 1917 we cannot say that, upon the evidence, the damages were so excessive to require interference on the part of the court in that regard. Motion overruled.

*Emery, Waterhouse & Paquin*, for plaintiff. *Hinckley & Hinckley*, for defendant.